## BARNEY THIER v. FARMERS EDUCATIONAL AND CO-OPERATIVE UNION OF AMERICA.[1]

October 21, 1932.

No. 29,050.

*Johnson & Schaefer,* for appellant.
*Charles L. DeReu,* for respondent.

PER CURIAM.

Defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The suit is one to recover for services rendered under an alleged express contract. The jury returned a verdict for plaintiff.

If the evidence was sufficient to entitle the plaintiff to recover, the amount of the verdict for $436.24 is not claimed to be excessive. The sufficiency of the evidence to sustain the verdict is challenged on two points: (1) It is contended that the evidence is insufficient to sustain a finding by the jury that there was an express contract whereby defendant agreed to pay plaintiff the sum of $12 per week for his services, in addition to allowing plaintiff to receive and retain such membership fees as he should obtain by soliciting persons to become members of defendant corporation (the membership fees and dues, if collected in full by plaintiff, amounted to $7.50 for each new member obtained); and (2) it is contended that if any such contract was entered into the evidence shows that it was

[1]Reported in 244 N. W. 815.

terminated by defendant before the compensation claimed, or the greater part thereof, was earned.

We have examined the evidence on these points and conclude that these were both questions of fact for the jury, and that there is evidence sufficient to sustain the verdict on both points. To state the evidence in detail would serve no special purpose.

There are a number of assignments of error directed to the rulings of the court in overruling defendant's objections to evidence. There may have been technical error in permitting one witness to testify as to what he understood as to the payment of two dollars per day, but the same evidence had been received without objection shortly before the question was asked. Other errors assigned as to rulings do not present any reversible error.

Order affirmed.